## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **STEVE JONES,** ) | |
| **JOCK MATHEWS,** ) | |
| **DANA PATTERSON, and** ) | Case No: _____ |
| **DEBORAH DE LA MOTHE,** ) | (JURY TRIAL DEMANDED) |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| ) | |
| **v.** ) | |
| ) | |
| **NEW YORK CITY HOUSING** ) | |
| **AUTHORITY,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## COMPLAINT

## INTRODUCTION

Plaintiffs, by and through their counsel, the law firms of Woodley & McGillivary LLP, and Spivak Lipton LLP, for their complaint against the New York City Housing Authority ("NYCHA"), state as follows:

## PARTIES

1.      Plaintiffs have given their written consent to be party plaintiffs in this action pursuant to 29 U.S.C. § 216(b).  Such written consents are appended to this Complaint in the attached Appendix.  These written consent forms set forth each plaintiff's name and address. The representative plaintiffs are Steve Jones, Jock Mathews, Dana Patterson, and Deborah De La Mothe. They bring this action as a collective action in accordance with 29 U.S.C. § 216(b) of the Fair Labor Standards Act (FLSA) against the defendant on behalf of themselves and all others similarly situated because of defendant's unlawful deprivation of plaintiffs' rights to overtime compensation under the FLSA.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

**FACTS**

4.      Plaintiffs are, and at all times material herein have been, employed by the New York City Housing Authority ("NYCHA"), in the position of "Housing Assistant."

5.      Since approximately December 15, 2014, representative plaintiff Steve Jones has worked as a Housing Assistant at Manhattanville Houses, with a Development Management Office located at 549 West 126th Street, in New York, New York. At all material times herein, representative plaintiff Jock Mathews has worked as a Housing Assistant at Unity Plaza, with a Development Management Office located at 578 Blake Avenue, in Brooklyn, New York. From approximately 1999 to December 28, 2016, representative plaintiff Dana Patterson has worked as a Housing Assistant at Ocean Bay Apartment Houses, with a Development Management Office located at 434 Beach 54th Street in Queens, New York. From approximately December 29, 2016, through the present, representative plaintiff Dana Patterson has worked as a Housing Assistant at South Jamaica Houses, with a Development Management Office located at 106-62 160th Street, in Queens, New York.  At all material times herein up until her retirement on January 1, 2017, Deborah De La Mothe worked as a Housing Assistant at NYCHA's Central Office for Brooklyn Management, at 787 Atlantic Avenue, in Brooklyn, New York. These plaintiffs bring this action on behalf of themselves and the other similarly situated Housing Assistants who work or have worked for defendant at all times material herein.

6.      Plaintiffs bring this action for a declaratory judgment, back pay and other relief pursuant to 29 U.S.C. § 207, 29 U.S.C. § 216(b), and 28 U.S.C. § 1331 to remedy the defendant's willful and unlawful violations of federal law complained of herein.

7.      Each of the plaintiffs in this action, while employed by defendant has been at all material times an "employee" within the meaning of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 203(e)(1).

8.      Defendant NYCHA, among other things, is a juridical entity amenable to suit under the FLSA in that it is, and was at all times material hereto, a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. § 203(x). NYCHA is a public benefit corporation organized under the New York public housing laws and is a legally separate entity from the City of New York. N.Y. Pub. Hous. Law §§ 30, 401. NYCHA has a principal office and place of business located at 250 Broadway, New York, NY 10007, and may be served with process by serving the General Counsel at the New York City Housing Authority Law Department, 250 Broadway, 9th Floor, New York, NY 10007.

9.      NYCHA is charged with providing decent and affordable housing in a safe and secure living environment for over 600,000 low-income residents throughout the five boroughs of New York. NYCHA housing developments across the five boroughs provide residential apartments and community programs for New York City's most vulnerable population including seniors and the mobility impaired. Although rent at NYCHA facilities is subsidized, it is essential to the continued operation of the program that NYCHA facility residents reliably pay their portion of the rent. Furthermore, NYCHA housing is in extremely high demand, and it is incumbent on NYCHA to determine the suitability of applicants and to ensure that their public assistance paperwork is in order. To fulfill its mission, therefore, NYCHA must employ Housing

Assistants to work at each of its hundreds of housing locations, to maintain constant communication with its many thousands of residents (and potential residents), to monitor the physical condition of NYCHA's housing stock, to assist with maintenance and repairs, to assist with tenant paperwork, and to assist with rent and eviction related legal action.

10.     Within the last three years and continuing to date, while working in the position of Housing Assistant on behalf of defendant, plaintiffs' job duties include: collection of rent payments; walking door-to-door to distribute rent notices; sending rent demands; serving eviction notices; conducting annual reviews; assisting with recertification of facilities and residents for updated rent costs; entering and verifying reported tenant income; performing criminal background checks on proposed additions to tenant households; performing "interim changes" – that is, updating tenant rent within the rental term based on interim changes in that tenant's income; inspecting apartments for housing code violations and necessary maintenance or repairs; showing residences to potential tenants; preparing paperwork for meetings with potential tenants; assisting with lease agreements for new tenants; obtaining rental assistance and related documentation from tenants; appearing in court for nonpayment, eviction, or related proceedings; and preparing warrants and legal documentation related to nonpayment, eviction, or related proceedings.

### *Failure to Compensate Plaintiffs for All Hours Worked*

11.     While working as Housing Assistants, the plaintiffs routinely work over 40 hours a week and do not receive overtime compensation at the rate of one-and-one-half times their regular rate of pay for all hours worked over 40 in a week.  Housing Assistants are scheduled to work 40 hours a week, Monday through Friday, as their regular schedule, with one hour each day

automatically deducted for meal periods. In addition, and as described in further detail below, they frequently work overtime beyond their scheduled 40 hours a week.

12.     Plaintiffs employed as Housing Assistants must routinely perform the job duties described in Paragraph 10 outside their regular schedule, including before and after their shift as well as during their unpaid meal periods, because they have a large volume of work that must be completed in a timely manner pursuant to the defendant's work rules.

13.     The defendant is aware that its Housing Assistants cannot complete the expected workload within their scheduled work hours. Certain required job duties, such as serving rent notices door-to-door or meeting with attorneys prior to morning hearings, must be performed before the start of the scheduled shift. Defendant does not compensate Housing Assistants for this work.

14.     While working as Housing Assistants, the plaintiffs regularly perform work during their unpaid meal periods that is uncompensated. This uncompensated work time during meal periods is observed by plaintiffs' supervisors and managers. Plaintiffs routinely perform this work during weeks in which their paid time exceeds 40 hours in a workweek, due to working and being paid for pre-approved or scheduled overtime.

*Steve Jones*

15.     Representative plaintiff Steve Jones is a Housing Assistant who has worked since approximately December 15, 2014, at Manhattanville Houses. Plaintiff Jones works over 40 hours in a workweek most weeks. When plaintiff Jones works over 40 hours in a workweek, he performs the duties described in Paragraph 10. When plaintiff Jones works over 40 hours in a workweek while performing these duties, defendant fails to properly compensate him, even when the work performed is observed by or known to defendant.

16.     Plaintiff Jones' scheduled shift begins at 8:30 AM and ends at 4:30 PM, Monday through Friday. Plaintiff Jones begins working approximately 20 to 30 minutes prior to the scheduled shift start time every day, without being compensated for that pre-shift work time. Plaintiff Jones also continues working after the end of his shift for approximately 45 to 60 minutes, on average, approximately 1 to 2 times per week, without being compensated for all of this post-shift work time. During this unpaid work time plaintiff Jones performs the duties described in Paragraph 10 above. When plaintiff Jones performs these uncompensated work activities prior to and after his paid shift – especially in weeks in which he works other pre-approved scheduled overtime – it causes him to work in excess of 40 hours per week, for which he is not properly compensated with overtime pay at the rate of one-and-one-half times his regular rate of pay. In addition, during these same weeks in which he performs uncompensated work activities outside his scheduled work time, plaintiff Jones performs the duties described in Paragraph 10 above during his uncompensated meal periods. He performs those duties for approximately 10 minutes or more approximately 2 to 3 days per week. Additionally, on approximately 2 to 3 days per week, he performs those duties through the entirety of his meal period. This results in him working well in excess of 40 hours each workweek, for which he is not compensated with overtime pay.

17.     For example, during the week of March 6, 2017, plaintiff Jones began working at approximately 8:05 AM every day, Monday through Friday, worked through his entire meal period on two days, worked for approximately 10 minutes of his meal period on the three remaining days, worked until or beyond the end of his scheduled shift every day, and on two of those days, worked until approximately 5:45 PM or later. Over the course of that week, Plaintiff Jones worked in excess of 42 hours, but was only compensated for 35 hours. Thus, for the week

of March 6, 2017, Plaintiff Jones worked approximately 2 hours beyond the overtime threshold for which he was not compensated. During this uncompensated work time, plaintiff Jones performed the duties described above in Paragraph 10.

*Jock Mathews*

18.     Representative plaintiff Jock Mathews is a Housing Assistant at Unity Plaza who works over 40 hours in a workweek most weeks. When plaintiff Mathews works over 40 hours in a workweek, he performs the duties described in Paragraph 10. When plaintiff Mathews works over 40 hours in a workweek while performing these duties, defendant fails to properly compensate him, even when the work performed is observed or known to defendant.

19.     Plaintiff Mathews' scheduled shift begins at 8:30 AM and ends at 4:30 PM, Monday through Friday. Plaintiff Mathews begins working at approximately 7:30 AM every day, one hour before the start of his shift, without being compensated fully for that pre-shift time. Plaintiff Mathews also continues working after the end of his shift for approximately 15 minutes or longer, approximately 4 to 5 times a week without being compensated for all of this post-shift work time. During this uncompensated work time plaintiff Mathews performs the duties described above in Paragraph 10, finishing up assignments for the day. When plaintiff Mathews performs these uncompensated work activities prior to and after his paid shift – particularly in weeks in which he works other pre-approved scheduled overtime, which occurs nearly every week – it causes him to work in excess of 40 hours per week, for which he is not properly compensated with overtime pay at the rate of one-and-one-half times his regular rate of pay. In addition, during these same weeks in which he performs uncompensated work activities outside his scheduled work time, plaintiff Mathews performs the duties described above in Paragraph 10 during approximately 30 minutes or more of his uncompensated meal periods approximately 4 or

5 days per week. This results in him working well in excess of 40 hours in a workweek, for which he is not compensated with overtime pay.

20.    For example, during the week of March 27, 2017, plaintiff Mathews began working at approximately 7:30 AM Monday through Friday, worked for approximately 30 minutes during his meal period each day, and worked until his scheduled shift had ended, or later. Additionally, plaintiff Mathews worked approximately 3 hours after the end of his shift, for which he was compensated with 3 hours of compensatory time. Over the course of that week, Plaintiff Mathews worked approximately 45 hours and 30 minutes or more, but was only compensated for 38 hours. Thus, for the week of March 27, 2017, Plaintiff Mathews worked at least 5 hours and 30 minutes beyond the overtime threshold for which he was not fully compensated. During this work time, plaintiff Mathews performed the duties described in Paragraph 10.

*Dana Patterson*

21.    Representative plaintiff Dana Patterson is a Housing Assistant who has worked since approximately December 29, 2016, at South Jamaica Houses, and worked at all times relevant to this suit prior to December 29, 2016, at Ocean Bay Apartment Houses. Plaintiff Patterson works over 40 hours in a workweek most weeks. When plaintiff Patterson works over 40 hours in a workweek, she performs the duties described in Paragraph 10. When plaintiff Patterson works over 40 hours in a workweek while performing these duties, defendant fails to properly compensate her, even when the work performed is observed by or known to defendant.

22.    Plaintiff Patterson's scheduled shift begins at 8:30 AM and ends at 4:30 PM, Monday through Friday. Plaintiff Patterson begins working approximately 60 minutes or more prior to the start of her shift every day, without being compensated fully for that pre-shift work time. Plaintiff Patterson also continues working after the end of her shift for approximately 15

minutes on average, approximately 4 or 5 days per week, without being compensated fully for all this post-shift work time. During this uncompensated pre-shift and post-shift work time, plaintiff Patterson performs the duties described above in Paragraph 10. When plaintiff Patterson performs these uncompensated work activities prior to and after her paid shift – especially in weeks in which she works other pre-approved, scheduled overtime – it causes her to work in excess of 40 hours per week, for which she is not properly compensated with overtime pay at the rate of one-and-one-half times her regular rate of pay. In addition, during these same weeks in which she performs uncompensated work activities after her scheduled work time, plaintiff Patterson performs the duties described above in Paragraph 10 through the entirety of her uncompensated meal periods approximately 4 or 5 days per week. This results in her working well in excess of 40 hours in a workweek, for which she is not compensated with overtime pay.

23.   For example, during the week of January 23, 2017, plaintiff Patterson began working at approximately 6:30 AM every day, Monday through Friday; she worked through her entire lunch period every day; and worked until or beyond the end of her scheduled shift every day. Over the course of that week, Plaintiff Patterson worked in excess of 50 hours, but was only compensated for 35 hours. Thus, for the week of January 23, 2017, Plaintiff Patterson worked more than 10 hours beyond the overtime threshold for which she was not compensated. During this uncompensated work time, plaintiff Patterson performed the duties described in Paragraph 10.

*Deborah De La Mothe*

24.   Representative plaintiff Deborah De La Mothe was a Housing Assistant who worked at all material times prior to her retirement on January 1, 2017, at the Central Office at 787 Atlantic Avenue, Brooklyn, New York. Plaintiff De La Mothe worked over 40 hours in a

workweek most weeks. When plaintiff De La Mothe worked over 40 hours in a workweek, she performed the court-related duties described in Paragraph 10. When plaintiff De La Mothe worked over 40 hours in a workweek while performing these duties, defendant failed to properly compensate her, even when the work performed was observed by or known to supervisors. Her supervisors frequently called plaintiff De La Mothe on her cell phone prior to her scheduled shift to ensure that she was at the courthouse by 8:30 AM (30 minutes before her 9 AM shift start time) on days she had responsibilities in court; De La Mothe repeatedly told her supervisors that she worked through her meal period; and her supervisors monitored De La Mothe's return to the office from court appearances after the end of her scheduled shift.

25.     Plaintiff De La Mothe's scheduled shift began at 9:00 AM and ended at 5:00 PM, Monday through Friday. Plaintiff De La Mothe began working approximately 30 minutes or more prior to the start of her shift approximately 4 to 5 days per week, without being compensated fully for this known pre-shift work time. Plaintiff De La Mothe also continued working after the end of her shift for approximately 60 minutes approximately 4 to 5 days per week, without being compensated fully for all of this known work time. During this unpaid known pre-shift and post-shift work time plaintiff De La Mothe performed the duties described above in Paragraph 10. When plaintiff De La Mothe performed these uncompensated work activities before and after her paid shift, it caused her to work in excess of 40 hours per week, for which she was not properly compensated with overtime pay at the rate of one-and-one-half times her regular rate of pay. In addition, during these same weeks in which she performed uncompensated work activities before and after her scheduled work time, plaintiff De La Mothe performed the duties described above in Paragraph 10 through the entirety of her uncompensated meal periods approximately 4 or 5 days per week. She frequently complained about this practice

to her supervisors, who told her she was required to perform those duties during her mealtime, but she would not be paid for that time. This resulted in her working well in excess of 40 hours in a week for which she was not compensated with overtime pay. On multiple occasions, Plaintiff De La Mothe requested to be paid for these hours but was told that she would only receive overtime pay for pre-approved work on special projects.

26. For example, during the week of December 5, 2016, plaintiff De La Mothe began working at approximately 8:30 AM Monday through Friday, worked through her entire lunch period each day, and worked until approximately 5:45 PM each day. Over the course of that week, Plaintiff De La Mothe worked approximately 46 hours and 15 minutes or more, but was only compensated for 35 hours. Thus, for the week of December 5, 2016, Plaintiff De La Mothe worked approximately 6 hours and 15 minutes beyond the overtime threshold for which she was not compensated. During this work time, plaintiff De La Mothe performed the duties described above in Paragraph 10.

*NYCHA's Records and Similarly Situated Plaintiffs*

27. Similar to the representative plaintiffs identified above, the other similarly situated Housing Assistants routinely work more than 40 hours in a workweek and are denied compensation at the rate of one-and-one-half times their regular rate of pay for each hour of overtime worked over 40 hours in a workweek for work performed before the official start time of their shifts, during uncompensated meal periods, and after their shifts. Upon information and belief, much of the uncompensated work time that each Housing Assistant performs can be identified through defendant's timekeeping system and through other work records, such as "Kronos," which tracks employee entry and exit times by swipe card, and "Qmatic," which tracks the time employees are active on their work computers.

28.     When plaintiffs and other similarly situated individuals are paid additional compensation, such as for "meal allowance," this additional compensation is not included in their regular rate of pay for purposes of calculating overtime. For example, plaintiffs are entitled to receive a "meal allowance" payment in various amounts based on the number of continuous overtime hours worked. The amount of the meal allowance payment is $8.50 for two continuous hours of overtime work; $9.00 for five continuous hours of overtime; and $11.00 for seven continuous hours of overtime. This meal allowance is taxed and is not an expense reimbursement. Meal allowance payments have not been included in the plaintiffs' regular rates of pay when they have been paid overtime for working hours in excess of 40 hours a week.

29.     Similar to the representative plaintiffs, each of the other similarly situated Housing Assistants routinely work more than 40 hours in a workweek, but are denied proper compensation because defendant continues to miscalculate the regular rate by failing to include meal allowance payments and other premium pay. The precise amount of premium pay each Housing Assistant receives can be identified through NYCHA's payroll software and other work records, and the amount of damages resulting from defendant's failure to include these payments in the regular rate of pay at which overtime is paid can be determined.

*Late Payment of Overtime Worked*

30.     When plaintiffs work beyond 40 hours in a workweek and are paid for overtime compensation, defendant delays the payment of overtime beyond the next pay period for which the plaintiffs are paid for their regular work hours. The delay in payment is caused by defendant's managerial staff's failure to transmit purportedly necessary information to payroll, or because defendant simply does not want to incur the cost for budgetary reasons in that

particular financial quarter, or for other reasons that are unrelated to defendant's ability to determine the amount of overtime compensation that is owed to the plaintiffs.

31.     Similar to the representative plaintiffs identified above, each of the other potential putative plaintiff Housing Assistants are paid for overtime more than two pay periods after they worked and earned the overtime compensation. The precise number of times this happened to each Housing Assistant, and the precise amount of overtime compensation that was delayed in each instance can be found in work and pay records for the plaintiffs and all others similarly situated, which are in the exclusive possession, custody and control of defendant.

*Payment of Compensatory Time at the Rate of*
<u>*One Hour for Each Hour of Overtime Worked*</u>

32.     Plaintiffs who work over 40 hours a week can be paid in compensatory time rather than cash.  When the plaintiffs are paid in compensatory time rather than cash for overtime work, they are paid one hour of compensatory time for each hour of overtime that is worked during weeks in which plaintiffs work more than 40 hours a week. For example, representative plaintiff Mathews worked approximately 3 hours of approved overtime after the end of his shift in a week in which he worked in excess of 45 hours and 30 minutes (inclusive of the unpaid overtime), but was compensated with only 3 hours of compensatory time.

33.     Similar to the representative plaintiffs identified above, each of the other similarly situated plaintiffs routinely work more than 40 hours in a workweek, but are denied proper compensation because defendant continues to provide compensatory time on an hour-for-hour, or straight time, basis for hours worked over 40 in a week. The precise amount of straight time compensatory time for hours worked over 40 in a week by each plaintiff can be identified through NYCHA's payroll software and other work records.

# COUNT I

## FAILURE TO PAY OVERTIME FOR ALL HOURS PLAINTIFFS ARE SUFFERED OR PERMITTED TO WORK IN VIOLATION OF SECTION 7(a) OF THE FLSA, 29 U.S.C. § 207(a)

34.     Plaintiffs hereby incorporate by reference paragraphs 1 through 33 in their entirety and restate them herein.

35.     At all times material herein, during those workweeks in which the representative plaintiffs and other similarly situated Housing Assistants have worked hours in excess of 40 hours a week, they have performed work activities without compensation before the start of their shifts and after their shifts, and during their meal periods, which is observed directly or otherwise known to defendant. As a result of these pay practices, defendant has failed to provide plaintiffs with the rights and protections provided under section 7(a) of the FLSA, 29 U.S.C. § 207(a).

36.     Section 207 of the FLSA requires the payment of overtime compensation to employees who work in excess of the hourly standards set forth therein. In particular, Section 207(a) requires the payment of overtime compensation at the rate of one and one-half times each employee's regular rate of pay for all hours the employees are suffered or permitted to work in excess of forty hours per week. Defendant has failed to comply with the overtime pay requirements of the FLSA in the manner outlined herein by failing to compensate plaintiffs and those similarly situated for work that they have been suffered or permitted to work before the official start time of their shifts, during their uncompensated meal periods, and after the official end time of their shifts. In addition, the rate at which overtime has been paid has not included all premiums the plaintiffs are eligible to receive as required under Section 207(a) of the FLSA.

37.     As a result of defendant's willful and purposeful violations of the FLSA, there has become due and owing to the plaintiffs an amount that has not yet been precisely determined. The employment and work records for the plaintiffs are in the exclusive possession, custody and control of the defendant and other public agencies and the plaintiffs are unable to state at this time the exact amount owing to them. Defendant is under a duty imposed by the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to the plaintiffs from which the amount of defendant's liability can be ascertained.

38.     Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the defendant's failure to pay overtime compensation.

39.     Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## COUNT II

## FAILURE TO PROPERLY CALCULATE THE REGULAR RATE OF PAY IN VIOLATION OF SECTION 7 OF THE FLSA

40.     Plaintiffs hereby incorporate by reference paragraphs 1 through 39 in their entirety and restate them herein.

41.     Section 207(a) of the FLSA, 29 U.S.C. § 207(a), as well as the regulations of the U.S. Department of Labor, 29 C.F.R. Part 778, *et seq*., require that all forms of remuneration be included in the rate at which FLSA overtime is paid, with some limited exceptions. Defendant has failed to include, as is required under the FLSA, certain premium pay such as meal allowance payments that are made in addition to employees' regular pay in the regular rates of pay at which overtime pay is calculated for the plaintiffs.

42. Defendant's failure to include premium payments such as meal allowances and other forms of additional compensation in plaintiffs' regular rates of pay violates section 7(a) of the FLSA. 29 U.S.C. § 207(a); 29 C.F.R. § 778.207(b). The failure to include premium pay such as meal allowance payments in plaintiffs' regular rates means that when plaintiffs receive paid overtime for working over 40 hours a week, they are paid at a rate that is below the rate mandated by the FLSA.

43. As a result of the defendant's willful and purposeful violations of the FLSA, there have become due and owing to the plaintiffs an amount that has not yet been precisely determined. The employment and work records for the plaintiffs are in the exclusive possession, custody and control of defendant and other public agencies and the plaintiffs are unable to state at this time the exact amount owing to them. Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to the plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

44. Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the defendant's failure to pay overtime compensation.

45. Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## COUNT III

### FAILURE TO PAY FLSA OVERTIME IN A TIMELY MANNER BY PAYING FOR OVERTIME WEEKS OR EVEN MONTHS AFTER THE OVERTIME HAS BEEN WORKED

46. Plaintiffs hereby incorporate by reference paragraphs 1 through 45 in their entirety and restate them herein.

47. The FLSA mandates that overtime compensation be paid on the regular pay day for the period in which such workweek ends. Overtime payments under the Act may not be delayed except as reasonably necessary to compute the amount owned and in no event shall such payments be delayed beyond the next payday after such computation can be made. 29 C.F.R. § 778.106. Defendant has violated these basic principles by delaying plaintiffs' overtime payments for working in excess of 40 hours a week by weeks and in some cases months, with such delay not being reasonably necessary to compute calculating plaintiffs' overtime pay, but rather because of a failure by management personnel to approve overtime payments or due to management withholding such payments until the next budgetary quarter.

48. Defendant's failure to pay plaintiffs FLSA overtime pay in a timely manner and its withholding of such overtime payments violates section 7(a) of the FLSA. 29 U.S.C. § 207(a); 29 C.F.R. § 778.106.

49. As a result of the defendant's willful and purposeful violations of the FLSA, there has become due and owing to the plaintiffs an amount that has not yet been precisely determined. The employment and work records for the plaintiffs are in the exclusive possession, custody and control of defendant and the plaintiffs are unable to state at this time the exact amount owing to them, but from these payroll records, plaintiffs will be able to ascertain the precise extent of these violations of section 7(a) of the FLSA, 29 U.S.C. § 207(a). Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to the plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

50.     Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the defendant's failure to pay overtime compensation.

51.     Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

### COUNT IV

**FAILURE TO COMPLY WITH THE REQUIREMENT THAT FLSA OVERTIME BE PAID AT THE RATE OF ONE AND ONE-HALF TIMES THE PLAINTIFFS' REGULAR RATES OF PAY AND INSTEAD COMPENSATING PLAINTIFFS WITH STRAIGHT TIME, HOUR FOR HOUR COMPENSATORY TIME**

52.     Plaintiffs hereby incorporate by reference paragraphs 1 through 51 in their entirety and restate them herein.

53.     During the times that plaintiffs and others similarly situated have worked in excess of 40 hours in a week, defendant has compensated work time with compensatory time. Defendant has provided compensatory time at the rate of one hour of compensatory time for each hour worked, and defendant has done so regardless of whether the overtime hours for which it was compensating the plaintiffs were for work in excess of 40 hours a week.

54.     Section 207(o) of the FLSA, 29 U.S.C. § 207(o), permits public agency employers such as defendant to provide compensatory time in lieu of cash overtime to their employees as payment for overtime hours worked, but only provided that certain conditions are met. *See* 29 U.S.C. § 207(o); 29 C.F.R. §§ 553.20-28.  One of the basic requirements is that employees receive compensatory time at the rate of one and one-half hours of compensatory time for each hour of overtime worked. 29 U.S.C. § 207(o)(1). Defendant has violated section 7(o) of the FLSA, 29 U.S.C. §§ 207(o) by failing and refusing to compensate plaintiffs for their overtime work at the rate of one and one-half hours of compensatory time for each overtime hour worked,

and instead compensating them at the rate of one hour of compensatory time for each hour of overtime worked.

55.    As a result of the defendant's willful and purposeful violations of the FLSA, there has become due and owing to the plaintiffs an amount that has not yet been precisely determined. The employment and work records for the plaintiffs are in the exclusive possession, custody, and control of defendant and the plaintiffs are unable to state at this time the exact amount owing to them, but from these payroll records, plaintiffs will be able to ascertain the precise extent of these violations of section 7(a) of the FLSA, 29 U.S.C. § 207(a). Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to the plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

56.    Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the defendant's failure to pay overtime compensation.

57.    Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs hereby demand that their claims be tried before a jury.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiffs pray that this Court:

(a)  Enter judgment declaring that the defendant has willfully and wrongfully violated their statutory obligations, and deprived each of the plaintiffs of his and her rights;

(b)  Order a complete and accurate accounting of all the compensation to which the plaintiffs are entitled;

(c)  Award plaintiffs compensatory relief equal to their unpaid compensation and liquidated damages equal to their unpaid compensation;

(d)  Award plaintiffs interest on their unpaid compensation;

(e)  Award plaintiffs their reasonable attorneys' fees to be paid by the defendant, and the costs and disbursements of this action; and

(f)  Grant such other relief as may be just and proper.


Respectfully submitted,


_____/s/ Hope Pordy_____
Hope Pordy
SPIVAK LIPTON, LLP
1700 Broadway
Suite 2100
New York, NY  10019
Phone: (212) 765-2100
hpordy@spivaklipton.com

_____/s/ Sarah M. Block_____

Gregory K. McGillivary
*Pro Hac Vice Admission To Be Filed*
Molly A. Elkin
*Pro Hac Vice Admission To Be Filed*
Sarah M. Block (SB 1460)
WOODLEY & McGILLIVARY LLP
1101 Vermont Ave., N.W.
Suite 1000
Washington, DC  20005
Phone: (202) 833-8855
Fax: (202) 452-1090
gkm@wmlaborlaw.com
mae@wmlaborlaw.com
smb@wmlaborlaw.com

Dated: May 16, 2017