LAW OFFICES

# WOODLEY & McGILLIVARY LLP

1101 VERMONT AVENUE, N.W.

SUITE 1000

WASHINGTON, D.C. 20005

TELEPHONE: (202) 833-8855

FAX: (202) 452-1090

E-MAIL: INFO@WMLABORLAW.COM

THOMAS A. WOODLEY
GREGORY K. McGILLIVARY
DOUGLAS L. STEELE
MOLLY A. ELKIN
DAVID RICKSECKER
MEGAN K. MECHAK
SARA L. FAULMAN
DIANA J. NOBILE
REID COPLOFF
SARAH M. BLOCK
WILLIAM W. LI
JOHN W. STEWART
MATTHEW D. PURUSHOTHAM
HILLARY LeBEAU
AFROZ BAIG
MICHAEL R. KEEFE

EDWARD J. HICKEY, JR.
(1912-2000)

December 14, 2018

**VIA ECF**

Honorable John G. Koeltl, U.S.D.J.
United States District Court
Southern District New York
500 Pearl Street
New York, NY 10007

Re:    **Jones, et al., v. New York City Housing Authority**
       **Case No. 17-CV-3683 (JGK)**

Dear Judge Koeltl:

In accordance with the parties' December 12, 2018, settlement approval conference during which plaintiff John McCarthy objected to the settlement agreement in this lawsuit and requested to be dismissed with the right to re-file his claim in a separate Fair Labor Standards Act ("FLSA") lawsuit, plaintiffs respectfully submit this letter on behalf of all parties regarding the parties' modified Agreed Order of Dismissal.

The attached revised Dismissal explains that opt-in Plaintiff, John McCarthy, who desires to opt out of the settlement, will receive neither the backpay, nor the liquidated damages allocated to him as set forth in Exhibit C to the Settlement Agreement (ECF Dkt. 61-1). The settlement monies allocated to Mr. McCarthy shall revert to Defendant. Upon entry of the attached proposed Order, Mr. McCarthy's claim shall be dismissed without prejudice and he shall retain all of his rights to bring an FLSA lawsuit against Defendant. Should he choose to exercise his right to pursue an FLSA action against Defendant, his statute of limitations shall be tolled in such subsequent action for the number of days between the date that his consent to sue form was filed in Court in this lawsuit (*i.e.*, July 28, 2017) and thirty (30) days after the date that this Order is entered.

To avoid prejudice to plaintiffs who wish to pursue their claims individually, in situations, for example, where a collective is decertified, courts routinely exercise their powers of equity to toll the claims of plaintiffs dismissed. *See, e.g., Scott v. Chipotle Mexican Grill, Inc.*, No. 12-CV-8333 (ALC) (SN), 2017 Dist. LEXIS 59753, at *29 (S.D.N.Y. April 18, 2017) (tolling the statute of limitations for 90 days "to avoid prejudice to individual plaintiffs who wish

The Honorable John G. Koeltl
Page 2
December 14, 2018

to file their claims"); *McEarchen v. Urban Outfitters, Inc.*, No. 13-CV-3569 (RRM) (JO), 2017 U.S. Dist. LEXIS 144203, at *9 (E.D.N.Y. Sep. 6, 2017) (tolling for 60 days); *see also Smith v. Heartland Auto Serv. Inc.*, 404 F. Supp. 2d 1144, 1155 n.9 (D. Minn. 2005) (60 days); *McCullers v. Dollar Tree Stores, Inc.*, No. 6:13-cv-163-Orl-28KRS, 2013 U.S. Dist. LEXIS 78258, at *2 (M.D. Fla. May 8, 2013) (noting that the court had "tolled the statute of limitations for 90 days to permit individual opt-in Plaintiffs to file their own cases").

        Here, the parties agree that Opt-in Plaintiff McCarthy's FLSA claim, to the extent that he seeks to pursue a separate lawsuit, should be tolled during the time period that he was a plaintiff in this case, as well as for an additional 30 days, as reflected in the attached Order.  Mr. McCarthy has read the attached Order and agrees with its terms.

        We appreciate the Court's consideration of this matter.

                                Respectfully submitted,

                                WOODLEY & McGILLIVARY LLP


                                Molly A. Elkin


Cc: All Counsel by ECF

4817-9975-3088, v. 1